TOGUT, SEGAL & SEGAL LLP
Counsel for Post-Confirmation Debtor
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Brian F. Moore
James J. Lee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
In re: : Chapter 11
: Case No. 07-10609 (REG)
OUR LADY OF MERCY MEDICAL CENTER, *et al.*, : (Jointly Administered)
:
Debtors. : (Post-Confirmation)
:
---------------------------------------------------------------------- x
:
GILBERT BARNETT, THE PLAN :
ADMINISTRATOR FOR OUR LADY : Adv. Pro. No. 09-_____
OF MERCY MEDICAL CENTER, :
:
Plaintiff, :
:
- against - :
:
NETWORKED INFORMATION SYSTEMS and :
PRESIDIO NETWORKED SOLUTIONS, :
:
Defendants. :
:
---------------------------------------------------------------------- x

**COMPLAINT TO: (I) AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)**

    The Plan Administrator (defined below), acting on behalf of Our Lady of

Mercy Medical Center (the "Debtor"), the post-confirmation debtor herein (the

"Plaintiff"), by and through its counsel, Togut, Segal & Segal LLP, as and for its

complaint against Networked Information Systems and Presidio Networked Solutions (together, the "Defendant") alleges the following:

## INTRODUCTION

1. On March 8, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On December 18, 2008, the Court entered an Order (the "Confirmation Order") confirming the Second Amended Chapter 11 Plan of Liquidation of Our Lady of Mercy Medical Center (the "Plan"); the Plan became effective December 31, 2008.

3. Pursuant to section 6.09 of the Plan, and as provided for under the Confirmation Order, Gilbert Barnett was appointed as the representative of the Plaintiff for purposes of administering and consummating the Plan (the "Plan Administrator").

4. Pursuant to section 6.08(xviii) of the Plan, the Plan Administrator is authorized to act on behalf of the Plaintiff in all adversary proceedings, including, without limitation, any and all claims and causes of action the Plaintiff may have under chapter 5 of the Bankruptcy Code.

## JURISDICTION AND PARTIES

5. Plaintiff brings this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia,* sections 502(d), 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of the Court against Defendant to: (a) direct the return of certain avoidable transfers (the "Transfers") that were made by the

Debtor to Defendant totaling $269,004.24, as more fully identified on Exhibit "1" annexed hereto; and (b) disallow any claims filed by Defendant in the Debtor's bankruptcy case and/or scheduled by the Debtor in favor of Defendant (the "Claims") unless and until the Transfers are remitted to the Plaintiff.

6. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O).

7. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

8. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

9. Upon information and belief, Defendant is a corporation or other business enterprise with its place of business located at One Penn Plaza, 19th Floor, Suite 1924, New York, New York 10119.

**FIRST CAUSE OF ACTION**
**(Avoidance and Recovery of Preferential Transfers)**

10. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 of this Complaint as though set forth at length herein.

11. On or within ninety (90) days prior to the Petition Date, the Debtor made, or caused to be made, the Transfers to Defendant.

12. The Transfers constitute transfers of interests in the Debtor's property.

13. The Debtor made, or caused to be made, the Transfers to or for the benefit of Defendant, a creditor of the Debtor.

14. The Debtor made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendant prior to the dates on which the Transfers were made (the "Debt").

15. The Debtor was insolvent at the time that the Transfers were made.

16. The Transfers enabled Defendant to receive more than it would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

17. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code, and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiff: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendant in an amount not less than the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendant to turnover and pay such sum to Plaintiff pursuant to Bankruptcy Code section 550(a).

**SECOND CAUSE OF ACTION**
**(Disallowance of Claims)**

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint as though set forth at length herein.

19. Defendant is the recipient of the Transfers, which are recoverable under sections 547 and 550 of the Bankruptcy Code, and Defendant has not returned the Transfers to Plaintiff.

20. Based on the foregoing, and pursuant to section 502(d) of the Bankruptcy Code, the Claims, if any, must be disallowed unless and until Defendant returns the Transfers to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests entry of judgment on its Complaint as follows:

a. On Plaintiff's First Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the Transfers, plus interest from the date hereof until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turnover such sum to Plaintiff pursuant to Bankruptcy Code sections 547(b) and 550(a);

b. On Plaintiff's Second Cause of Action, in favor of Plaintiff and against Defendant disallowing the Claims unless and until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) of the Bankruptcy Code; and

c. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 2, 2009

TOGUT, SEGAL & SEGAL LLP
Attorneys for the Post-Confirmation Debtor
By:

/s/ Frank A. Oswald
FRANK A. OSWALD
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000